IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA ALLEN FLOOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-240-E |
| | ) |
| NANCY A. BERRYHILL, ACTING | ) |
| COMMISSIONER OF SOCIAL SECURITY | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 27th day of September, 2018, upon consideration of the parties' cross motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C.§ 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred by failing to provide adequate explanation to support his finding that Plaintiff could perform sedentary work with

1

additional limitations, resulting in a residual functional capacity ("RFC") assessment not supported by substantial evidence. More specifically, Plaintiff contends that, because the ALJ failed to explain how Plaintiff could perform sedentary work without taking narcotic pain medication, the Court cannot meaningfully evaluate whether the ALJ's determination is supported by substantial evidence, and remand is therefore required. The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

A claimant's RFC is the most that he or she can do despite his or her limitations. See 20 C.F.R. § 404.1545(a). The determination of a claimant's RFC is solely within the province of the ALJ. See 20 C.F.R. § 404.1527(d)(2). In formulating a claimant's RFC, the ALJ must weigh the evidence as a whole, including medical records, medical source opinions, a claimant's subjective complaints, and descriptions of his or her own limitations. See 20 C.F.R. §§ 404.1527, 404.1529, 404.1545. In this case, after reviewing the relevant evidence of record, the ALJ determined that, due to Plaintiff's impairments, he was capable of performing work at a sedentary exertional level, with several specific additional limitations. (R. 19). In reaching his conclusions here regarding Plaintiff's RFC, the ALJ reviewed and engaged in significant discussion of the evidence of record, including medical evidence, opinion evidence, and Plaintiff's testimony. (R. 18-22).

However, Plaintiff claims that, in formulating his RFC, the ALJ failed to consider one factor in particular, namely, that at the time of the ALJ's decision, Plaintiff's doctors had recently tapered him off of his narcotic medication. The decision to change his medications was made because Plaintiff had tested positive for heroin and certain prescription drugs that his doctors had not prescribed, which voided his narcotic contract. (R. 851-52). Plaintiff argues, quite simply, that in formulating his RFC the ALJ was required to determine whether Plaintiff could perform sedentary work without the benefit of narcotic medication.

The Court finds Plaintiff's claim to be without merit for several reasons. First, Plaintiff bears the burden of producing evidence to establish his RFC, and Plaintiff has not pointed to any evidence showing that his functionality decreased once his doctors stopped prescribing him narcotic medication. See 20 C.F.R. § 404.1545(a)(3). The relevant medical evidence in the record after this treatment change indicates that Plaintiff's primary care provider agreed with the plan to stop narcotics, and that Plaintiff received lumbar facet nerve block injections in October 2015. (R. 628, 855, 858-59). Such records do not, however, give any indication of a change in Plaintiff's functionality. Moreover, as the ALJ noted in his decision, Plaintiff's own hearing testimony in November 2015 indicated that the medications he was taking at that time helped his pain and did not produce any bad side effects. (R. 20, 37). The Court notes that Plaintiff also indicated in hearing testimony that the opiates he had been taking did not do "all that much . . . . other than making it worse in the hypersensitivity from the, you know, being addicted to the pain medication." (R. 40). Additionally, Plaintiff discussed at the hearing his activities of daily living, which continued to be extensive and which included washing and dressing himself, helping get his children off to school, making himself food, doing dishes, cleaning and doing laundry. (R. 21, 44-45). Thus, Plaintiff has not pointed to any evidence showing decreased

functionality after his narcotic prescription ended, nor is any such evidence apparent to the Court upon review of the record.

As an aside, the Court notes that although Plaintiff testified that he had become addicted to his pain medication, his medical records show only that he tested positive for heroin and prescription drugs which he had not been prescribed, in violation of his narcotic contract. (R. 40, 851-52). Additionally, the Court is aware that the ALJ commented that Plaintiff had tested positive for various drugs including heroin, cocaine, fentanyl and oxycodone, when Plaintiff had actually tested positive for heroin, codeine, fentanyl and oxycodone. (R. 851). The Court finds this mistake to constitute merely a harmless error on the part of the ALJ as Plaintiff did test positive for the other drugs mentioned, and his narcotic contract was in fact voided. Also, although Plaintiff contends that the ALJ should not have used Plaintiff's failed drug screen to undermine his credibility, the Court notes that the ALJ did not place undue emphasis on this fact, but properly listed the failed drug screen among Plaintiff's other substance issues, including a warning about marijuana use potentially voiding his opiate contract, and Plaintiff's driver's license being suspended due to a "few" DUI charges. (R. 21).

Plaintiff further contends that, because of the change in his medications, the ALJ should have disregarded the opinion of state agency medical consultant Juan B. Mari-Mayans, M.D. from March 2014. (R. 61-69). Plaintiff argues that, because he was prescribed narcotic medication when Dr. Mari-Mayans opined that Plaintiff was able to perform sedentary work, that opinion was stale when the ALJ made his decision in January 2016 after he stopped taking narcotic medication. However, the Third Circuit has noted that since a doctor's opinion must precede an ALJ's opinion, "there is always some time lapse between the consultant's report and the ALJ hearing and decision," and the "Social Security regulations impose no limit on how much time may pass between a report and the ALJ's reliance on it." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011). In any event, the ALJ specified that, while he gave great weight to Dr. Mari-Mayans' opinion, he noted that it was supported by later evidence including treatment records, subsequent objective findings, and Plaintiff's course of treatment, all of which the ALJ discussed in his decision. (R. 22).

Thus, the Court finds that the ALJ did not fail to provide an adequate explanation for his RFC finding that Plaintiff could perform sedentary work with additional limitations and, more specifically, that the ALJ was not required to explain how Plaintiff could perform sedentary work without taking narcotic pain medication.

Additionally, the Court notes that, even if—hypothetically—Plaintiff had produced evidence showing that his functionality decreased after he stopped taking narcotic medication, Plaintiff has not shown that his impairment could satisfy the Social Security regulations' 12-month durational requirement. The regulations define "disability" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). Plaintiff's narcotic medication tapering began in August 2015, and the ALJ issued his decision in this case in January 2016, less than 5 months later. Plaintiff has thus failed to show that, based on his

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED.

s/ Alan N. Bloch<br>United States District Judge

ecf: Counsel of record

---

narcotic prescription ending, he has had a disabling condition for a period of 12 months. Moreover, Plaintiff also has not pointed to any evidence indicating that any decreased functionality he has experienced should be expected to last 12 months into the future. Thus, even if Plaintiff had been able to show deterioration in his functionality after he stopped taking narcotic medication, he has failed to satisfy the 12-month durational requirement.

As to any additional arguments mentioned summarily by Plaintiff in his brief, the Court finds that he has failed to establish how the ALJ's alleged failure to consider properly any additional evidence of record constitutes error.

Therefore, the Court finds Plaintiff's argument that the ALJ erred by failing to provide adequate explanation to support his finding that Plaintiff could perform sedentary work, resulting in an RFC not supported by substantial evidence, to be without merit. Accordingly, the Court affirms.